

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE LETTER OF REQUEST | ) | 0 5 - 1 9 1 |
| FROM GERMANY | ) | |
| IN THE MATTER OF | ) | Misc. No. 05- |
| FREEL AND SILIOUKOV | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of
the Application for an Order pursuant to Title 28, United
States Code, Section 1782, in order to execute a letter of
request from Germany.    A copy of the translation is attached.

FACTUAL BACKGROUND:

This case is being conducted by a court in Koblenz,
Germany. It appears to involve a contract dispute that is on
appeal.

EVIDENCE SOUGHT:

The German authorities seek information from
individuals that may reside in this District.    The authority
for this Court to accede to this request is contained in Title
28, United States Code, Section 1782, which states in part:

    (a)   The district court of the district in which a person
        resides or is found may order him to give his
        testimony or statement or to produce a document or
        other thing for use in a proceeding in a foreign or
        international tribunal, including criminal
        investigations conducted before formal accusation.

The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in _In Re Request for Judicial Assistance from the Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." _In Re Letter of Request from the Crown_

Prosecution Services of the United Kingdom, 870 F.2d 686, 687

(D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Germany and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id*.

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1201 Market Street
Wilmington, DE    19801
(302) 573-6277

Dated: 9/8/05